May Term, 1856.

GIMBEL v. SMIDTH.

---

## GIMBEL, Administrator, *v.* SMIDTH.

A bill of exceptions contained the evidence in the cause, and also the instructions given to the jury, but no motion was made for a new trial in the Court below; nor was the record made up under ss. 347 and 348, p. 116, 2 R. S. 1852. *Held*, that the bill of exceptions presented no question for the consideration of the Supreme Court.

In a suit by a mother for the seduction of her daughter, a release by the latter to the seducer of all damages for the wrong done to her, can not be set up in bar.

In actions *ex delicto*, where the plea was not guilty, the right of action, at the common law, did not survive the death of the wrongdoer, and the R. S. 1843 conformed to the common law rule.

May Term, 1856.

GIMBEL
v.
SMIDTH.

Action by a mother against the administrator of *A.*, for damages for the seduction of her daughter by *A.* The tort was committed *October* 1, 1849. The R. S. 1852 took effect *May* 6, 1853. *A.* died *July* 1, 1853. The action was commenced *March* 18, 1854.

*Held,* that the right of action was governed by the R. S. 1852.

*Held,* also, that, by the R. S. 1852, the plaintiff's right of action survived.

*Held,* also, that the suit was not barred by the statute of limitations.

The statute of limitations in force when a suit is brought, as a general rule, governs the action; but where there is no proviso in the new act saving rights of action already accrued, the previous act governs.

A demurrer, under the R. S. 1852, is confined to the pleading to which it is immediately addressed.

*Saturday, June* 14.

APPEAL from the *Knox* Court of Common Pleas.

STUART, J.—This was an action for seduction by *Ann Smidth*, the mother, against the administrator of *Solomon Gimbel*, deceased. The suit was commenced *March* 18, 1854. Trial by jury. Verdict and judgment for the plaintiff for 250 dollars. The administrator appeals.

The declaration alleges that on the 1st of *October*, 1849, while the plaintiff was a widow, and being still a widow, &c., said *Solomon*, under a promise of marriage, seduced her daughter *Elizabeth*, then under twenty-one years of age; and that, at, &c., *Elizabeth* owed service and labor to, and was actually in the service of her mother; alleging that she became pregnant, &c., and pursuing the usual form of such complaints. The damages are laid at 1,000 dollars.

The administrator answers—

1. Denying that *Solomon*, in his lifetime, had seduced the plaintiff's daughter.

2. Denying the seduction at any time within two years before suit.

3 and 4. That the wrong complained of had been fully satisfied before suit, &c.

5. That the said *Elizabeth* was of full age, at, &c.

6. That said *Solomon* had not, at any time within two years next before his death, committed the supposed wrongs, &c.

7. The seventh is a plea of compromise and settlement, whereby the sum of 350 dollars was paid in full of all damages claimed both by *Elizabeth* and the plaintiff.

Replication in denial of the first, fifth and seventh paragraphs; and demurrer to the second, third, fourth and sixth paragraphs of the answer. Though the record is silent as to what disposition the Court made of the questions of law raised on demurrer, the omission is supplied by the agreement of parties that the demurrers were overruled.

The issues of fact were submitted to a jury. Verdict and judgment for the plaintiff for 250 dollars. There was no motion for a new trial interposed. After the verdict, the record proceeds to say that the parties appeared, and the defendant filed his bill of exceptions, which was signed by the Court, and thereupon the defendant appealed to the Supreme Court. The bill of exceptions purports to set out all the evidence and the charge of the Court to the jury. The conclusion is thus: " To which the defendant excepted, and prayed that this bill of exceptions be sealed," &c. It is signed by the judge thus—" R. A. Clements." Then follows the judgment.

It is pertinent to inquire, what does this record present for our consideration? Not the correctness of the verdict on the weight of evidence, or on the instructions given, for there was no motion in the Court below for a new trial. This motion gives that Court an opportunity to pass upon the verdict of the jury, and also an opportunity to review its own rulings. If, in the opinion of that Court, the verdict is not supported by the evidence, or if, on maturer reflection, the Court is convinced that the law had not been correctly stated in the charge, a new trial should be granted. 2 R. S., 117. Nor is the record made up under sections 347–8 of the 2 R. S., p. 116. So that the bill of exceptions presents no question for our consideration, and can not indeed be regarded as any part of the record for the purposes of this appeal.

The questions arising on demurrer are, therefore, all that are judicially before us.

The third, fourth and sixth paragraphs, setting up a settlement of the grievances complained of, were insufficient. The third is too indefinite. It does not state sufficient facts. The fourth paragraph sets up that *Elizabeth*, with

the consent of the plaintiff, had received 350 dollars, which was to be in full, &c. But *Elizabeth* had wrongs to be compensated for, as well as and independent of the mother. The compensation to the daughter, for which she released him from all damages because of the wrong done her, could not be set up in bar of the mother's claim for the loss of service. The demurrer was therefore properly sustained to that plea.

The demurrers to the second and sixth pleas, setting up the statute of limitations, alone remain.

To appreciate fully the force of those pleas, it will be proper to recapitulate dates.

*October* 1, 1849, is the date of the wrong complained of. The statutes of 1852 took effect *May* 6, 1853. *S. Gimbel,* the wrongdoer, died *July* 1, 1853. This action was commenced *March* 18, 1854.

There is no question made as to the mother's right to sue for the loss of service, and we make none.

By the statute in force at the time the cause of action accrued, the period of limitation was six years. R. S. 1843, p. 686. So that under that statute, the suit might have been brought at any time prior to *October,* 1855. But the act in force at the time the suit was brought, was that of 1852, and limited the period on such causes of action to two years. 2 R. S., p. 75.

The ground assumed by the appellant, is, 1. That the action did not survive the death of the wrongdoer. 2. That if it did, it is barred by the statute of limitations in force at the time of suit brought.

In actions *ex delicto,* when the plea is not guilty, the right of action does not survive the death of the wrong-doer at common law. 1 Chitt. Pl. 68–9.—*Id.* 89.—Cowp. 371.—1 Saund. R. 216, note 1. The R. S. 1843 conforms to the common law rule. If, therefore, the plaintiff's right of action depends upon the law in force at the date of the wrong complained of, the death of the wrongdoer in *July,* 1853, put an end to it.

But as the revision of 1852 went in force in *May,* 1853, during the lifetime of *Gimbel,* her right of action is gov-

erned by that revision. The provision in relation to what actions shall survive, is in these words:

"A cause of action arising out of an injury to the person, dies with the person of either party, except in cases in which an action is given for an injury causing the death of any person, and actions for seduction and false imprisonment." 2 R. S., pp. 204–5.

In the opinion of a majority of the Court, this law governed the case; and consequently her right of action survived.

Even if it did not survive, it would not affect the recovery in this case. The defect of the complaint was waived by the pleadings. It is true, on the hypothesis that the action did not survive, the complaint was clearly demurrable under the fifth specification. 2 R. S., p. 38, s. 50. But we have several times held, after examining the point with great care, that under our new practice a demurrer does not reach back through the pleadings, unless on a question of jurisdiction. It is confined to the pleading to which it is immediately addressed. All error in the previous pleading is waived, unless taken advantage of at the proper time. *Johnson* v. *Stebbins*, 5 Ind. R. 364.—*Mason* v. *Toner*, 6 *id.* 328. Even in criminal cases, it is held that the defendant below must pursue the statutory mode of raising questions in the record for the consideration of the Supreme Court. *Hornberger* v. *The State*, 5 Ind. R. 300.—2 R. S., pp. 387, 381. The fact that the revision on this subject in civil cases is copied, as far as it goes, from the *New-York* code, omitting the significant words which alone could give the demurrer the effect it had at common law, is so decisive of the legislative intention, as to leave the Court no latitude of construction. The legal profession are very much divided about the wisdom of this provision. But whether wise or unwise, when thus clearly expressed, it is beyond the power of the Courts to apply a remedy. It has this great recommendation, that it conduces to a fair practice. The party who does not take his objections at the proper time, shall be deemed to have waived them. Under this practice, it will not be, as here-

tofore, that the Court below and the opposite party should be diverted with specious objections, without once having their attention called to some fatal error lurking in the proceedings, which was sure to reverse the judgment in the Supreme Court. The new practice may occasionally operate with seeming hardship in particular cases; but its fairness to the Court below and the parties, is a consideration sufficient to outweigh all objections. Under our former ruling, with which we are still satisfied, and to which we adhere, the defects of the complaint are waived.

2. The statute of limitations. This question is fully examined in *The State* on the relation of *Trimble* v. *Swope*, *ante*, p. 91. The general rule is, that the act in force at the time suit is brought should govern. 1 Ind. R. 56.— 3 *id*. 360. But when there is no proviso in the new act saving rights of action already accrued, the former act should govern. This case falls fairly within that ruling. The demurrer to the pleas of the statute of limitations was therefore properly sustained.

*Per Curiam.*—The judgment is affirmed with costs.

*S. Judah*, for the appellant.

*R. N. Carnan*, for the appellee.