Chris Lee Rollins and Elizabeth Rollins, Plaintiffs-Appellants, v. The General American Transportation Corporation, a Corporation; Chicago River and Indiana Railroad Company, a Corporation; and Chicago Great Western Railroad Company, a Corporation, Defendants-Appellees.

Gen. No. 49,005.

First District, Fourth Division.

February 5, 1964.

Rehearing denied March 25, 1964.

Charles Pressman and James P. Chapman, both of Chicago, for appellants.

267

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago (Frederick W. Temple, Max E. Wildman and Francis J. Libbe, of counsel), for appellee, General American Transportation Corporation. Richard O. Olson, Alvin E. Domash and Robert W. Coster, all of Chicago, for appellee, Chicago River and Indiana Railroad Company. Winston, Strawn, Smith & Patterson, of Chicago (Edward J. Wendrow and R. Lawrence Storms, of counsel), for appellee, Chicago Great Western Railway Com ny.

MR. JUSTICE DRUCKER delivered the opinion of the court.

By this appeal plaintiffs seek to reverse the judgment of the trial court dismissing plaintiffs' Third Amended Complaint and the Amendment thereto.

Chris Lee Rollins * brought an action against Chicago Great Western Railway Co., the Chicago River & Indiana Railroad Co. and the General American Transportation Corporation alleging that Rollins, while an employee of Swift & Company, was injured while unloading tallow from a tank car which had been leased to his employer by General and shipped from St. Paul. Great Western was the originating carrier, Chicago River the delivering carrier, with Swift as both consignor and consignee.

All defendants filed motions to dismiss which were considered at the same time. Among other grounds, Chicago River urged that plaintiff was, as a matter of law, contributorily negligent and the other defendants contended that the Complaint did not state a cause of action. There was no statement in any of the pleadings that plaintiff was in the exercise of due care. We would not sustain a dismissal solely because plaintiffs did not affirmatively state that they

---

* We shall refer to Chris Lee Rollins as the plaintiff, although his wife is also a plaintiff in Counts for loss of services.

were in the exercise of due care. All the facts must be carefully examined to determine whether, if taken as true, they disclose that, as a matter of law, the plaintiff was in the exercise of ordinary care and a cause of action asserted.

In a much quoted case, Walters v. City of Ottawa, 240 Ill 259, at page 266, 88 NE 651, the court held:

"A declaration in an action to recover for injuries received through negligence that does not aver due care on the part of the plaintiff when he was injured, and does not contain any averment in regard to his conduct or the circumstances surrounding him from which due care on his part may be reasonably inferred, does not state a cause of action. . . ."

In the case of Church v. Adler, 350 Ill App 471, at page 479, 113 NE2d 327, it was stated:

"Liberality of construction and the rule of reasonable information do not overcome the requirement that sufficient facts be alleged to state a cause of action. Moulopoulos v. Northern Trust Co., 384 Ill 41, 50 NE2d 737. . . ."

█ Plaintiff insists, however, that General and Chicago River did not specifically raise the defect in the Complaint as to due care or contributory negligence in the trial court by their objection that the Complaint did not state a cause of action.

In Lasko v. Meier, 394 Ill 71, at page 75, 67 NE2d 162, it was held that: "If, with all intendments in its favor, a complaint wholly or absolutely fails to state any cause of action at all, objection can be made to it for the first time on appeal."

Also, in Merriam v. McConnell, 31 Ill App2d 241, it was stated at page 244, 175 NE2d 293:

"Defendants, as appellees, may sustain the decree of dismissal 'by any argument and upon any basis appearing in the record which shows the decree is right, even if (they) had not previously advanced such argument.' Becker v. Billings, 304 Ill 190, 205, 136 NE 581 (1922); 222 East Chestnut St. Corp. v. Murphy, 325 Ill App 392, 399–400, 60 NE2d 450 (1954). Defendants are entitled, therefore, to argue on appeal the vital question whether the complaint, in the record, states a cause of action of which equity will take jurisdiction." (Citing other cases.)

Let us then scrutinize the Complaint in the light of these authorities. The Complaint avers as follows:

"On September 11, 1959, and for at least nine years prior, he had assisted in unloading tallow from tank cars. Since tallow arrived in a solid condition he and his fellow employees were required, as their customary and usual duties, to do the following: To attach steam pipes to the tank car to be unloaded so that steam circulating through the car would heat the tallow to about 200° F; . . .

"When the tallow became liquified he attached a pump to the car and proceeded to pump out the tallow. When the tallow reached the level somewhat under 24 inches in maximum depth, plaintiff placed a wooden ladder down into the interior of the car, climbed down the ladder and stepped off the ladder onto the steam coils. While he was standing on the coils, he slipped. He first tried to support himself along the walls of the car which sloped inward) then grabbed for the ladder. Because it was not fixed, the ladder eluded his grasp and fell into the tallow. Because the walls

270

had nothing which he could hold onto, they gave him no support. Plaintiff fell forward into the boiling tallow. He struggled in the tallow for some time trying to get out. This was made almost impossible because of the absence of objects which he could grab. Finally he was able to place the ladder upright once again, and he managed to climb out, horribly burned, more dead than alive."

A further allegation of the Complaint states: "The interior of tank car SWTX 9003 and like cars was always rendered slippery by the recent presence of tallow and thus dangerous to men who like the plaintiff had to enter the car to remove tallow." It is then charged that the tank car in question had been newly painted "with a slick and slippery paint which rendered the interior unsafe." No facts are pleaded which can in any way be interpreted as showing that a recent coat of paint on the coils caused them to be more slippery than they would ordinarily have been after being covered with a greasy substance such as tallow, or that the hazard was increased in any other way. In the Third Amended Complaint against Great Western, plaintiff's only factual presentation of the occurrence is limited to "Chris Lee Rollins fell when emptying car."

After a consideration of all of the above factors, the court comes to a conclusion which is well stated in Smith v. Chicago Gen. Ry. Co., 86 Ill App 647, at page 649:

"We think the facts stated in the declaration, with their proper inferences, clearly disclose such certain and uncontrovertible contributory negligence by the appellant as precludes a recovery by him. While the question of negligence, either by defendant or plaintiff, is ordinarily one of fact for

271

a jury, yet, when the inference of negligence necessarily results from the statement of his case by a plaintiff, it becomes a question of law for the court." (Quoting other cases.)

Even though this ruling would dispose of this appeal, we will discuss the objection that the Complaint does not meet the requirement that it must state facts which disclose a duty to plaintiff on defendants' part and defendants' breach of that duty. Lasko v. Meier, 394 Ill 71, 67 NE2d 162.

█ It appears from the Complaint that for 20 years the tank cars used in hauling tallow had no immovable ladders, handrails, grab irons or any other contrivance within the car. There were only steam coils which were heated prior to unloading by Swift's employees. There is no claim that the exterior of the tank car or any mechanism within it was defective. At the time of unloading there was no control, supervision or direction by any of the defendants. Since Swift was lessee, consignor and consignee, there was no duty on the part of Chicago River and Great Western as to unloading.

In the very recent case of Shipley v. Southern Pacific Co., 44 Ill Ap2d 1, 193 NE2d 862, an employee of a company which was both consignor and consignee sued the originating and delivering carriers for injuries sustained by him while unloading a shipment of lumber. The opinion at page 9 phrases the issue:

". . . whether a carrier which did not load a boxcar and which received it sealed and then delivered it to the consignee for unloading, had a duty to inspect the condition of the load to determine whether it was safe for unloading. Those cases which have considered this issue have held that no such duty is imposed on the carrier." (Citing other cases.)

Since the same basic facts as to responsibility are present here, Chicago River and Great Western were entitled to a dismissal on the premise that the Complaint did not assert any duty owed the plaintiff by them.

■ Plaintiff seeks to avoid the effect of this case by alleging a contract with Chicago River. However, no copy of this instrument or the relevant terms thereof are stated as required by Section 36 of the Civil Practice Act.* There is only a description of functions to be performed by Chicago River and no averment that these were covered by the contract.

■ General is the lessor and designer of the tank car and in 1931 contracted with Swift "that all tank cars furnished by General should be safe for loading and unloading, that General would inspect all the tank cars at frequent intervals and would repair and maintain the cars as repair and maintenance became necessary." The Complaint asserts that "Continuously for more than twenty years prior to September 11, 1959, tank cars containing tallow were consigned to the Swift Plant in Chicago. . ." There is no allegation in the Complaint of lack of inspection or failure to repair. The only question raised is whether General breached its duty to provide a car safe for loading and unloading. There evidently was a proper loading. There is no allegation that the car furnished could not be unloaded safely. Plaintiff's theory seems to be that the design of the car should have made it possible for Swift to remove all of the hot tallow without utilizing

---

* SHA, ch 110, § 36, provides: "If a claim or defense is founded upon a written instrument, a copy thereof, or of so much of the same as is relevant, must be attached to the pleading as an exhibit or recited therein, unless the pleader attaches to his pleading an affidavit stating facts showing that the instrument is not accessible to him."

No affidavit was filed.

273

manual labor or that a tank car equipped with immovable ladders, hand rails, etc., although covered with greasy, slippery tallow, would have been safer for unloading.

In Watts v. Bacon, 18 Ill2d 226, 232, 163 NE2d 425, the court said:

> "It is not in itself negligence to supply a certain type of material which is reasonably safe and customarily used, though other materials might conceivably be safer. Day v. Barber-Colman Co., 10 Ill App2d 494, 508."

Finally, we do not feel the decision of the Illinois Supreme Court in Kahn v. James Burton Co., 5 Ill2d 614, 126 NE2d 836, upon which plaintiff places great reliance, is contrary to our decision here. The Kahn case involved a suit for injuries by an infant plaintiff against a lumber supplier for injuries sustained by him when a pile of lumber placed at a construction site by the defendant, at which the plaintiff was playing, toppled over on him. The Supreme Court there refused to follow defendant's argument that it owed no duty to plaintiff, holding that defendant's duty extended to all who could foreseeably be endangered by its negligence.

That case, however, has no bearing on the present factual situation as General here admits the existence of a duty to supply a car reasonably safe for unloading. The issue in the instant case is not, as in Kahn, the existence or not of such a duty, but whether that duty was breached by furnishing the same type of car as had been supplied for 20 years.

We have concluded from a consideration of the facts pleaded in the Third Amended Complaint and the Amendment thereto, that plaintiff was, as a matter of law, contributorily negligent, failed to show

negligence on the part of the defendants and thus did not state a cause of action.

█ The claim of Elizabeth Rollins is based on plaintiff's cause of action and therefore falls with the dismissal of the Complaint.

The judgment of the Circuit Court is affirmed.

Affirmed.

ENGLISH, P. J. and McCORMICK, J., concur.