61058. DEESE v. PARKS et al.

QUILLIAN, Chief Judge.

Plaintiff brought suit in Carroll Superior Court against the defendants, Jean Parks, Leonard Jackson and World of Security and Services, Inc. Plaintiff alleged that his wife, Brenda Deese, was an employee of Koffee Kart and worked in the snack area of Southwire Company's plant. While so employed, she received injuries which it was alleged were caused by the negligent acts of the individual defendants as employees of the corporate defendant, World of Security.

The defendants filed answers denying the material allegations of plaintiff's claim. Two of the defendants also filed defenses which raised the issue that a certain vendor "vendor identification agreement" served to bar the plaintiff's right to recover against those de-

fendants. The "vendor identification agreement" which was signed by plaintiff's wife prior to her injury contained the following provision: "that Brenda Deese will protect and hold harmless Southwire Company and its affiliates, their officers, employees and stockholders, from any loss, damage, or harm resulting from a visit to Southwire's plant or other facilities or from any occurrence while he is on Southwire's premises . . ." It further provided: "Brenda Deese further agrees to make no claim against Southwire Company, its affiliates, their officers, employees and shareholders for any loss, damage, harm or injury which he might suffer while on the premises of Southwire Company or its affiliates."

As is revealed by the record, World Security and Services is an affiliate of Southwire Company.

The three defendants filed motions for summary judgment based on the pleadings and on the affidavits of the individual defendants as well as that of the plaintiff's wife. The case came on for hearing and the trial judge granted each of the defendants' motion for summary judgment. The plaintiff appeals to this court. *Held:*

1. Counsel for the defendant urges that the judgment of the court below should be sustained for the reason that the plaintiff's claim failed to contain a demand for judgment.

In *Allied Asphalt Co. v. Cumbie,* 134 Ga. App. 960, 962 (2) (216 SE2d 659), this court considered a similar contention and held: "Code Ann. § 81A-154 (c) provides, in part: '[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.' This procedural provision 'makes it clear that the demand for judgment is no part of the claimant's cause of action.' 2A Moore's Federal Practice § 8.18, p. 1803 [Now p. 8.216]. 'Inasmuch as the demand for relief does not constitute part of the pleader's claim for relief, a failure to demand the appropriate relief will not result in a dismissal. The question is not whether plaintiff has asked for the proper remedy but whether he is entitled to any remedy.' Wright & Miller, Federal Practice & Procedure: Civil § 2664, p. 108."

Hence, the contention that a demand for judgment was lacking furnishes no basis to sustain the trial judge's grant of the motions for summary judgment on behalf of the defendants.

2. The plaintiff's wife executed the so-called "vendor identification agreement" which contained provisions agreeing to indemnify and hold harmless Southwire Company and its affiliates (which would include the named defendants) and in effect gave up her right to sue. It is therefore urged that since the husband's right for loss of services and consortium is derivative of that of his wife's he also is barred.

Of course, exculpatory clauses are not permitted in contracts of construction or repair or involving the landlord-tenant relationship with regard to a dwelling place. *Country Club Apts. v. Scott,* 246 Ga. 443 (271 SE2d 841). Such situation does not pertain here. Hence, we must determine whether the husband is precluded from asserting his claim because of the agreement entered into by his wife.

As has been pointed out, "[W]hen a married woman is injured by the wrongful conduct of another, two different causes of action may arise: the one in her favor for her own pain and suffering, and the other in favor of the husband for the loss of his wife's services and for expenses incurred as a consequence of the injuries to her. *These causes of action are separate and distinct, and in favor of different parties.*" (Emphasis supplied.) *Georgia R. &c. Co. v. Tice,* 124 Ga. 459, 461 (52 SE 916). See *Community Gas Co. v. Williams,* 87 Ga. App. 68, 83 (6) (73 SE2d 119); *Savannah & A. R. Co. v. Newsome,* 90 Ga. App. 390, 395 (2) (83 SE2d 80); *Martin v. Gurley,* 201 Ga. 493, 494 (39 SE2d 878). Thus, the two cases are separate and often separately tried. When this is true, the fact that the wife might not recover in her case would not act to bar the husband from recovering in his case or vice versa — inconsistent verdicts from different juries must be accepted. For thorough discussion of this principle, see our decision in *Jordan v. Ellis,* 148 Ga. App. 286, 287 et seq. (250 SE2d 859).

·"There seems to be no question that under the law in Georgia one spouse is not a privy of the other spouse's prior suit for personal injuries within the meaning of Code § 110-501. See *Russ Transport, Inc. v. Jones,* 104 Ga. App. 612 (122 SE2d 282); *Blakewood v. Yellow Cab Co.,* 61 Ga. App. 149 (6 SE2d 126). Thus we have held that 'a husband and wife are not privies within the sense that one is barred from pursuing an independent action for loss of consortium of an injured spouse where the one injured has lost an action on the basis of the jury's finding of no liability.' *Armstrong Furniture Co. v. Nickle,* 110 Ga. App. 686, 689 (140 SE2d 72)." *Jarrett v. Parker,* 135 Ga. App. 195, 196 (3) (217 SE2d 337). (Overruled òn other grounds, *Smith v. Telecable of Columbus,* 140 Ga. App. 755, 757 (232 SE2d 100) which was reversed in *Smith v. Telecable of Columbus,* 238 Ga. 559 (234 SE2d 24).)

Therefore, it is evident, beyond cavil, that a wife who is otherwise entitled to recover (or has a cause of action) may lose or give up such right by an exculpatory provision either in the nature of release, covenant not to sue or otherwise, and still not affect the commensurate right of her husband to recover for the loss of her services and consortium. That being true, the agreement by the wife in the case sub judice did not serve to bar the husband's cause of

action. Hence, it was error to grant the defendant's motion for summary judgment predicated on the basis that the plaintiff could not recover as a matter of law.

*Judgment reversed. Shulman, P. J., and Carley, J., concur.*

DECIDED JANUARY 13, 1981.

*Cliff Perkins,* for appellant.
*David H. Tisinger, Jack F. Witcher,* for appellees.