**Shirley ROSANDER, Plaintiff-Appellant,**

**v.**

**COPCO STEEL & ENGINEERING COMPANY, James H. Pankow, Agent and John Doe, whose true name is unknown, Defendants-Appellees.**

**No. 3–681A155.**

Court of Appeals of Indiana, Third District.

Jan. 13, 1982.

Rehearing Denied Feb. 23, 1982.

Frank J. Petsche, Matthews-Petsche-Zych & Associates, South Bend, for plaintiff-appellant.

Edward N. Kalamaros and Thomas F. Cohen, Edward N. Kalamaros & Associates, P.C., South Bend, for defendants-appellees.

HOFFMAN, Presiding Judge.

Shirley Rosander is appealing the decision of the trial court which granted Copco's motion for summary judgment thereby dis-

missing her lawsuit. The singular issue raised by this appeal is whether Rosander's cause of action for loss of consortium, resulting from injuries sustained by her husband from alleged negligent acts of Copco, should be barred due to the fact her husband settled his claim against Copco and executed a release.

At the time of the accident, Shirley's husband, Darwin Rosander, was employed by Colip Brothers Electric Company. While working at Copco's plant, he was struck in the back with a piece of wood by an employee of Copco, causing injury to his back, hip, and leg. Darwin received workmen's compensation benefits from his employer. He settled his claim with Copco and at that time executed a release of all claims. Shirley was not a party to the release, and she filed a separate action against Copco for loss of consortium. The trial court granted Copco's motion for summary judgment and stated in its written opinion:

"Inasmuch as the right of the wife is derivative of her husband's right, it appears to this Court that a settlement by the husband of his claim is likewise a settlement of his spouse's derivative suit and that the failure to settle both causes at the same time should bar a spouse from subsequently maintaining an independent action for loss of consortium."

By this time it is well settled in Indiana that a wife has a cause of action for loss of consortium resulting from injury sustained by her husband from negligent acts of a third person. *Troue v. Marker* (1969), 253 Ind. 284, 252 N.E.2d 800. However, the issue of whether a non-injured spouse's cause of action for loss of consortium must be joined with the injured spouse's action for personal injuries is a question of first impression in Indiana. Our Supreme Court in *Troue* implied the existence of actions filed independently and distinctly from each other,[1] however, the issue was not decided at that time.

It cannot be denied that a claim for loss of consortium is derivative in that without an injury to one spouse, the other spouse would have no action. As such, it is subject to some of the same defenses as the action from which it is derived. *Arthur v. Arthur* (1973), 156 Ind.App. 405, 296 N.E.2d 912. Nevertheless, placing actions in a derivative posture does not give one party the right to waive the rights of another. Shirley was not a party to the settlement and release negotiated by Darwin, thus she is not bound by it and is free to pursue her separate cause of action. *See Gimbel, Administrator v. Smidth* (1856), 7 Ind. 627.

Copco contends that joinder of the actions is required in the interest of judicial economy and to prevent the danger of double recovery and inconsistent verdicts. The argument concerning inconsistent verdicts is not well taken in this action. The situation at hand involves a release and a release is not dispositive of the merits of an action.

*Troue v. Marker, supra,* settled the problem of double recovery caused by loss of consortium claims. In *Troue* the Court said:

"We therefore hold that a wife in this state is entitled to recover for loss of consortium against a wrong-doer who has injured her husband, but she is not entitled to recover for loss of support due from the husband to such wife in such action." 252 N.E.2d at 806.

Copco further argues that the Indiana Workmen's Compensation Act, specifically the exclusive remedy provisions, precludes Shirley from bringing any action against it. This argument is not persuasive. IC 1971, 22–3–2–6 (Burns Code Ed.) and IC 1971, 22–3–2–13 (1981 Burns Supp.) must be construed together. Section 6 applies only to an employee and his employer. *Artificial Ice, etc., Co. v. Waltz* (1925), 86 Ind.App. 534, 146 N.E. 826. Section 13 merely passes the right of an employee to sue on to his dependent in the case of his death. Neither provision bars a spouse's right to bring an action for loss of consortium against third parties.

Granted, mandatory joinder would promote judicial economy. However, judicial

1. *See* 252 N.E.2d 800, at 806.

economy should never be the basis for the elimination of a party's right to maintain a valid cause of action. Perhaps the best rule to follow in order to achieve both results is to require joinder *unless it is not possible* to join the actions. This is the proposal contained in the Restatement of Torts. At the same time, it must be acknowledged that there will be situations when it is impossible to join the causes of action.

"There will be situations in which it is not possible to join the causes of action for the single trial. Thus the impaired spouse's cause of action may have been abated by death. Or the action of the impaired spouse may be barred by a workmen's compensation act, which does not bar the deprived spouse's action. Or the impaired spouse may have settled and released the claim for bodily harm without the knowledge of the deprived spouse. Or the impaired spouse may simply refuse to sue. There are no doubt other possible situations.

"It is possible to join the actions within the language of Subsection (2), however, in all situations in which the deprived spouse has had full opportunity to join in the impaired spouse's action and assert a claim and has failed to do so. Thus if the impaired spouse has begun an action for bodily harm, and then settled it and given a release, and the deprived spouse has stood by throughout with full knowledge of the conduct, it has been possible to join in the action at any time before it has become barred by the release, and the deprived spouse cannot now be permitted to maintain a separate action." Restatement, Second, Torts § 693.

The situation before us involves a settlement and release which were entered into without the knowledge of the non-injured spouse. While the trial court expressed its belief that such an occurrence is improbable, nonetheless, it *is* possible. Shirley was not a party to the release executed by Darwin and thus is not bound by it. She may pursue an independent action for loss of consortium and recover what damages she can prove, other than loss of support. None of the contentions raised by Copco presents a problem which necessitates mandatory joinder in this instance. Therefore, the summary judgment of the trial court is reversed and this cause of action is remanded for further proceedings.

Reversed and remanded.

GARRARD and STATON, JJ., concur.