JULIA BROWN, Plaintiff-Appellant, *v.* PATRICK D. METZGER, Defendant-Appellee.

Second District   No. 82—1011

Opinion filed October 18, 1983.

Alfred L. O'Connor, of Waukegan, for appellant.

Michael K. Noonan, of Sullivan, Smith, Hauser & Noonan, Ltd., of Waukegan, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Julia Brown, appeals from the dismissal of her complaint against defendant, Patrick D. Metzger, pursuant to defendant's motion under section 48 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 48), recodified as section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619). Plaintiff's complaint sought recovery for loss of consortium, and for family expenses, including her husband's medical expenses, for which plaintiff claims she became liable under section 15 of "An Act to revise the law in relation to husband and wife" (Ill. Rev. Stat. 1981, ch. 40, par. 1015), commonly referred to as the Family Expense Statute. Defendant's motion to dismiss was based on his claim that he had been released from liability on plaintiff's claim by a release executed pursuant to a settlement agreement entered between plaintiff's husband, Eldridge, and defendant in a separate suit brought by Eldridge to recover for his personal injuries.

The only issue plaintiff raises on appeal is whether her husband's settlement bars her cause of action for loss of consortium.

Plaintiff alleged in her complaint that her husband sustained injuries when the car in which he was riding collided with a car driven by defendant. Count I of the complaint alleged negligence and count II alleged wilful and wanton conduct on the part of defendant. Plaintiff claimed that the injuries her husband sustained as a result of defendant's conduct caused her to be "greatly damaged in the loss of her husband's society, conjugal fellowship, companionship, cooperation and aid in their conjugal relationship." Plaintiff further alleged that the injuries caused her husband to incur medical expenses and to lose time from work which made him unable to properly support plaintiff and their children. She alleged that as a result of his injuries her husband had "lost great sums of money which would otherwise have gone to the support of the plaintiff" and their minor children; that plaintiff was liable for these "medical expenses and bills of the family, including support of the children" under the Family Expense Statute (Ill. Rev. Stat. 1981, ch. 40, par. 1015); and that she suffered injury to her property because of her liability for these medical bills and for child support.

During the pendency of this lawsuit plaintiff's husband settled his

personal injury suit for $47,500 and released his claim against defendant. Also, while this suit was pending, plaintiff and her husband had their marriage dissolved. As a part of the property settlement in the dissolution proceeding the judgment of dissolution required plaintiff to pay her husband 25% of any recovery she may receive from this suit. It also required her husband to pay her 25% of his recovery in his personal injury suit against defendant.

When one spouse (the impaired spouse) is injured by the negligence of another, the other spouse (the deprived spouse) may recover from the tortfeasor for the loss the deprived spouse suffered by virtue of the impaired spouse's injury. (*Dini v. Naiditch* (1960), 20 Ill. 2d 406, 430, 170 N.E.2d 881.) This loss, which is generally labeled a loss of consortium, includes "material services, elements of companionship, felicity and sexual intercourse, all welded into a conceptualistic unity." 20 Ill. 2d 406, 427, 170 N.E.2d 881; see also *Elliott v. Willis* (1982), 92 Ill. 2d 530, 535, 442 N.E.2d 163.

A cause of action for loss of consortium is a tort action based on an injury to the personal relationship established by the marriage contract. (*Mitchell v. White Motor Co.* (1974), 58 Ill. 2d 159, 162, 317 N.E.2d 505; *Hammond v. North American Asbestos Corp.* (1982), 105 Ill. App. 3d 1033, 1040, 435 N.E.2d 540.) It is a separate cause of action from the impaired spouse's claim for his own injury (*Mitchell v. White Motor Co.* (1974), 58 Ill. 2d 159, 163, 317 N.E.2d 505; *Wood v. Mobil Chemical Co.* (1977), 50 Ill. App. 3d 465, 477, 365 N.E.2d 1087), but derives from that claim. (*Mitchell v. White Motor Co.* (1974), 58 Ill. 2d 159, 162, 317 N.E.2d 505.) Courts have indicated that a cause of action for loss of consortium is grounded in a "transferred negligence" theory whereby a defendant's duty to act with reasonable care toward the impaired spouse is "transferred" to the deprived spouse. (*Renslow v. Mennonite Hospital* (1977), 67 Ill. 2d 348, 357, 367 N.E.2d 1250 (*dicta*); *Martin v. Kiendl Construction Co.* (1982), 108 Ill. App. 3d 468, 473, 438 N.E.2d 1187.) This transferred negligence means that a defendant's breach of his duty of care to the impaired spouse supports both the impaired spouse's negligence suit for his injury and the deprived spouse's suit for loss of consortium.

Because the loss of consortium action derives from the impaired spouse's action for his injury, it is dependent upon the establishment of the defendant's liability for the impaired spouse's injury. (*Plocar v. Dunkin' Donuts of America, Inc.* (1981), 103 Ill. App. 3d 740, 748, 431 N.E.2d 1175; *Knox v. North American Car Corp.* (1980), 80 Ill. App. 3d 683, 690, 399 N.E.2d 1355.) Thus, where the impaired spouse's claim fails as a matter of law, the deprived spouse's

claim for loss of consortium must likewise fail. *Plocar v. Dunkin' Donuts of America, Inc.* (1981), 103 Ill. App. 3d 740, 748, 431 N.E.2d 1175; *Knox v. North American Car Corp.* (1980), 80 Ill. App. 3d 683, 690, 399 N.E.2d 1355.

Plaintiff maintains that her suit was improperly dismissed because she claims that her husband's settlement of his suit against defendant did not bar her cause of action for loss of consortium. Defendant contends that because plaintiff's husband's release prohibited him from maintaining a cause of action against defendant, that plaintiff's claim was likewise prohibited, since a loss of consortium suit depends on the plaintiff's husband's ability to maintain a cause of action against defendant.

No Illinois reviewing court appears to have confronted the question whether a release by the impaired spouse binds the deprived spouse and therefore bars a suit for loss of consortium. Defendant cites several cases in which the loss of consortium action was barred by the termination of the impaired spouse's claim. These cases are distinguishable, however, because in each of them the impaired spouse's claim was involuntarily terminated because the impaired spouse was barred from recovery as a matter of law. (*Plocar v. Dunkin' Donuts of America, Inc.* (1981), 103 Ill. App. 3d 740, 431 N.E.2d 1175 (impaired spouse failed to state a cause of action); *Knox v. North American Car Corp.* (1980), 80 Ill. App. 3d 683, 399 N.E.2d 1355 (impaired spouse's claim barred by the statute of limitations); *Rollins v. General American Transportation Corp.* (1964), 46 Ill. App. 2d 266, 197 N.E.2d 68 (impaired spouse contributorily negligent as a matter of law).) In those cases the impaired spouse could not have pursued his claim if he had so desired. Here, plaintiff's husband's claim was not involuntarily barred but was compromised and released. He could have pursued his claim if he had wished, but chose instead to settle.

While it is true that a cause of action for loss of consortium derives from the impaired spouse's claim for his injury (*Mitchell v. White Motor Co.* (1974), 58 Ill. 2d 159, 162, 317 N.E.2d 505), we agree with the court in *Rosander v. Copco Steel & Engineering Co.* (Ind. 1982), 429 N.E.2d 990, which held that "placing actions in a derivative posture does not give one party the right to waive the rights of another." (429 N.E.2d 990, 991.) Though derivative, the loss of consortium claim is still a separate cause of action. (*Mitchell v. White Motor Co.* (1974), 58 Ill. 2d 159, 163, 317 N.E.2d 505.) Thus, we hold, as courts in several other States have held, that a release executed only by the impaired spouse

does not bind the deprived spouse and, therefore, does not bar the deprived spouse's cause of action for loss of consortium. (*Arnold v. Shawano County Agricultural Society* (1983), 111 Wis. 2d 203, 214-15, 330 N.W.2d 773, 779; *Whittlesey v. Miller* (Tex. 1978), 572 S.W.2d 665, 669; *Rosander v. Copco Steel & Engineering Co.* (Ind. 1982), 429 N.E.2d 990, 991; *Deese v. Parks* (1981), 157 Ga. App. 116, 118-19, 276 S.E.2d 269, 272; see also Prosser, Torts sec. 125, at 893 (4th ed. 1971). Contra, *Hopson v. St. Mary's Hospital* (1979), 176 Conn. 485, 494, 408 A.2d 260, 264; *Millington v. Southeastern Elevator Co.* (1968), 22 N.Y.2d 498, 507-08, 293 N.Y.S.2d 305, 312.) Therefore, the release executed by plaintiff's husband was not a bar to plaintiff's claim for loss of consortium and did not provide a proper basis for dismissing plaintiff's complaint based on this issue.

■ Defendant also appears to argue that the joinder of defendant as a party in the dissolution of marriage proceeding bars plaintiff's action for loss of consortium. However, it is clear from the record that defendant was joined in that proceeding in order to prevent plaintiff's husband from dissipating the proceeds of his personal injury settlement with defendant during the pendency of the dissolution of marriage proceedings. These proceeds have been held to be marital property. (*In re Marriage of Gan* (1980), 83 Ill. App. 3d 265, 269, 404 N.E.2d 306.) Thus, the joinder of defendant in the dissolution proceeding was merely to protect marital property and has no bearing on plaintiff's loss of consortium action.

■ In their appellate briefs the parties have not articulated any additional arguments beyond those advanced as to the loss of consortium claim to support their positions on whether plaintiff's claim for recovery of expenses for which she became liable under the Family Expense Statute (Ill. Rev. Stat. 1981, ch. 40, par. 1015) is proper. A cause of action is maintainable against a tortfeasor by the deprived spouse for family expenses arising from the injuries to the impaired spouse for which the deprived spouse has become liable under the Family Expense Statute. (See *Saunders v. Schultz* (1960), 20 Ill. 2d 301, 310, 170 N.E.2d 163; *Houghton v. Novak* (1973), 9 Ill. App. 3d 699, 701, 292 N.E.2d 905.) Our reversal of the trial court's order of dismissal therefore encompasses both plaintiff's loss of consortium claim and her claim for family expenses.

■ Defendant also argues that allowing plaintiff to maintain this suit will permit a double recovery. However, we believe double recovery can be avoided and that the trial court is in the best position to devise a method to avoid double recovery. See, *e.g., Dini v. Naiditch* (1960), 20 Ill. 2d 406, 427, 170 N.E.2d 881.

For the foregoing reasons the order of the circuit court of Lake County is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

LINDBERG and HOPF, JJ., concur.