(No. 59370

JULIA BROWN, Appellee, v. PATRICK D. METZGER, Appellant.

*Opinion filed October 19, 1984.*

Sullivan, Smith, Hauser & Noonan, Ltd., of Wauke-
gan (Michael K. Noonan, of counsel), for appellant.

Alfred L. O'Connor, of Waukegan (W. Elliott Dunn, of
counsel), for appellee.

JUSTICE UNDERWOOD delivered the opinion of the
court:

At issue in this case is whether an injured party's re-
lease in settlement of a personal-injury action bars that
party's spouse from maintaining an independent cause of
action for loss of consortium. The case arose out of an
automobile accident on March 30, 1980, when a car in
which Eldridge Brown was a passenger was struck by a
vehicle driven by Patrick Metzger. In 1981 Eldridge
Brown (the impaired spouse) filed an action against
Metzger in Lake County circuit court to recover for the
injuries he incurred in the accident, and his wife, Julia
Brown (the deprived spouse), who is the plaintiff in this
case, instituted proceedings to dissolve their marriage.
As petitioner in the dissolution action, plaintiff requested
that Metzger and his insurer be made parties thereto to
preserve her interest in any settlement reached between
her husband and defendant Metzger. She further re-
quested that the court issue a temporary injunction and

restraining order prohibiting defendant and his insurer from disbursing the proceeds of any such settlement. The court granted both of her motions. On March 29, 1982, plaintiff filed an action for loss of consortium against defendant Metzger in Lake County circuit court alleging that, due to her husband's injuries, she had suffered injury to her property by reason of her liability for the support of her family and her husband's medical bills under section 15 of "An Act to revise the law in relation to husband and wife" (Ill. Rev. Stat. 1979, ch. 40, par. 1015) and, further, that she had lost the value of her husband's society and companionship. On May 27, 1982, Eldridge Brown, in exchange for $47,500, signed a release of all claims against defendant resulting from the automobile accident. Those claims included some $9,300 in lost wages and $11,280 in medical bills. On May 28, a judgment order dissolving the marriage and resolving custody and property questions was entered. Twenty-five percent of the proceeds of the personal-injury and loss-of-consortium actions was apportioned to the nonplaintiff spouse in each case.

Defendant moved to dismiss the loss-of-consortium action based on the release executed by Eldridge Brown, and the trial court granted his motion. Plaintiff appealed the dismissal, and the appellate court held that a release executed by an injured party does not bar a spouse's loss-of-consortium action (118 Ill. App. 3d 855). We granted defendant's petition for leave to appeal (87 Ill. 2d R. 315(a)).

Loss of consortium encompasses two basic elements of the marital relationship: loss of support and loss of society, which includes companionship and sexual intercourse. (See *Dini v. Naiditch* (1960), 20 Ill. 2d 406, 427.) Defendant argues that allowing plaintiff to recover for loss of consortium after her husband has already received in settlement more than double the amount of lost

earnings and medical bills permits two recoveries for loss of support. He contends that adoption of a rule which would bar all loss-of-consortium claims where the impaired spouse has settled with the defendant is the best way to eliminate this double recovery.

This court noted the potential for double recoveries in spousal-personal-injury and related loss-of-consortium claims in *Dini v. Naiditch* (1960), 20 Ill. 2d 406, 430, where it was established that a wife had the right to recover for loss of her husband's consortium. The court there made the general suggestion that a "simple adjustment of damages" would alleviate any double-recovery problem. Upon further consideration we now conclude that the most efficient way to preclude double-recovery problems is to require that the loss-of-consortium action be joined, whenever possible, with the impaired spouse's cause of action. Joinder of these related claims will also reduce litigation expenses for the parties, conserve judicial time and resources, and contribute a bit to the reduction of court congestion. Under this rule, unless the deprived spouse can prove facts demonstrating why joinder with the impaired spouse was not possible, the loss-of-consortium action must be dismissed. That the spouses are estranged is not a sufficient reason, for an unwilling party can be joined as a defendant pursuant to section 2—404 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—404). However, if the deprived spouse can demonstrate that he or she had no knowledge of the fact that a suit had been filed or a claim settled, the loss-of-consortium claim can proceed independently.

In adopting a joinder requirement, we join a growing number of jurisdictions which have so held. (See, *e.g., Schreiner v. Fruit* (Alaska 1974), 519 P.2d 462, 466; *Hopson v. St. Mary's Hospital* (1979), 176 Conn. 485, 494, 408 A.2d 260, 264; *Rosander v. Copco Steel & Engi-*

*neering Co.* (Ind. App. 1982), 429 N.E.2d 990, 992; *Madison v. Colby* (Iowa 1984), 348 N.W.2d 202, 209; *Deems v. Western Maryland Ry. Co.* (1967), 247 Md. 95, 109, 231 A.2d 514, 522; *Thill v. Modern Erecting Co.* (1969), 284 Minn. 508, 514, 170 N.W.2d 865, 869-70; *General Electric Co. v. Bush* (1972), 88 Nev. 360, 367-68, 498 P.2d 366, 371; *Ekalo v. Constructive Service Corp. of America* (1965), 46 N.J. 82, 95, 215 A.2d 1, 8; *Millington v. Southeastern Elevator Co.* (1968), 22 N.Y.2d 498, 507-08, 239 N.E.2d 897, 902-03, 293 N.Y.S.2d 305, 312; *Nicholson v. Hugh Chatham Memorial Hospital, Inc.* (1980), 300 N.C. 295, 303-04, 266 S.E.2d 818, 823; *Hopkins v. Blanco* (1973), 224 Pa. Super. 116, 122-23, 302 A.2d 855, 858-59; *Wilson v. Hasvold* (S.D. 1972), 194 N.W.2d 251, 255. See also Restatement (Second) of Torts sec. 693, comment *g*, at 497-98 (1977); Foster, *Relational Interest of the Family,* 1962 U. Ill. L.F. 493, 527.) A number of jurisdictions encourage joinder of such claims but do not impose an absolute requirement. See *Swartz v. United States Steel Corp.* (1974), 293 Ala. 439, 445, 304 So. 2d 881, 886; *Rodriguez v. Bethlehem Steel Corp.* (1974), 12 Cal. 3d 382, 407-08 n.29; 525 P.2d 669, 686 n.29, 115 Cal. Rptr. 765, 782 n.29; *Gates v. Foley* (Fla. 1971), 247 So. 2d 40, 45; *Stapleton v. Palmore* (1982), 250 Ga. 259, 261, 297 S.E.2d 270, 273; *Kotsiris v. Ling* (Ky. 1970), 451 S.W.2d 411, 412-13; *Diaz v. Eli Lilly & Co.* (1973), 364 Mass. 153, 167-68, 302 N.E.2d 555, 564; *Cline v. Carthage Crushed Limestone Co.* (Mo. 1974), 504 S.W.2d 118, 120; *Reid v. Spadone Machine Co.* (1979), 119 N.H. 198, 200, 400 A.2d 54, 55; *Layne v. Huffman* (1975), 42 Ohio St. 2d 287, 288-89, 327 N.E.2d 767, 769; *Fitzgerald v. Meissner & Hicks, Inc.* (1968), 38 Wis. 2d 571, 580-82, 157 N.W.2d 595, 599-600.

The question remains whether the mandatory joinder rule should apply prospectively only or whether it should also govern disposition of pending loss-of-consortium

actions, including plaintiff's. Since the issue is one of first impression in this State, and since our holding was not clearly foreshadowed, we conclude that its application should be limited to those situations in which neither suit is commenced prior to the date upon which this opinion is filed with the clerk of this court. (*Torres v. Walsh* (1983), 98 Ill. 2d 338, 353; *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 189.) In view of this holding, the original question whether settlement of the husband's injury action terminated this action remains to be considered. We conclude that, at least in the context of the circumstances present here, it did not.

While virtually all States now allow loss-of-consortium actions by either spouse (see Restatement (Second) of Torts sec. 693 (1977)), there is considerably less unanimity as to which defenses to the impaired spouse's action will also bar the deprived spouse's recovery for loss of consortium. (See, *e.g.,* Annot., 12 A.L.R.3d 933 (1967) (dealing with the conclusiveness of judgment in the impaired spouse's action); Annot., 21 A.L.R.3d 469 (1968) (discussing effect of contributory negligence of impaired spouse); cases summarized in 41 Am. Jur. 2d *Husband and Wife,* secs. 458 through 461 (1969); compare, *e.g., Whittlesey v. Miller* (Tex. 1978), 572 S.W.2d 665, and *Arnold v. Shawano County Agricultural Society* (1983), 111 Wis. 2d 203, 330 N.W.2d 773 (indicating settlement by impaired spouse does not bar deprived spouse), with *Hopson v. St. Mary's Hospital* (1979), 176 Conn. 485, 408 A.2d 260, and *Millington v. Southeastern Elevator Co.* (1968), 22 N.Y.2d 498, 239 N.E.2d 897, 293 N.Y.S. 305 (indicating settlement by impaired spouse does bar deprived spouse).)

Normally, of course, our holdings are applied in the case before us and are not limited to future cases unless there are compelling reasons for such action. (*Nabisco, Inc. v. Korzen* (1977), 68 Ill. 2d 451, 463; *Baier v. State*

*Farm Insurance Co.* (1977), 66 Ill. 2d 119, 128; *Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11, 26-27.) A principal reason for making rulings prospective is the fact that the newly announced rule replaces one upon which justifiable reliance has been placed. Several appellate court opinions have emphasized that the action for loss of consortium was a derivative one (*Mitchell v. White Motor Co.* (1974), 58 Ill. 2d 159, 162) and could be maintained only if the facts entitled the impaired spouse to recovery (*Plocar v. Dunkin' Donuts of America* (1981), 103 Ill. App. 3d 740, 748-49; *Knox v. North American Car Corp.* (1980), 80 Ill. App. 3d 683, 690, 693-94; *Rollins v. General American Transportation Corp.* (1964), 46 Ill. App. 2d 266, 275). In *Plocar* the impaired spouse failed to state a cause of action, *Knox* involved an impaired spouse barred by the statute of limitations, and in *Rollins* the contributory negligence of the impaired spouse precluded recovery. In each case a deprived spouse sought and was denied recovery for loss of consortium. More recently, however, this court has spoken to the contrary in *Hammond v. North American Asbestos Corp.* (1983), 97 Ill. 2d 195, 208-09, holding that a deprived spouse could maintain a loss-of-consortium suit even though the impaired spouse's action was barred by the limitations statute. The clear implication of that holding is, of course, that the right of the deprived spouse to recover does not depend on whether the impaired spouse's cause of action is still viable. In that sense our mandatory joinder rule does replace an existing rule, albeit not necessarily one on which the parties in this case have relied even though others may have. But there are other considerations here which also militate in favor of permitting plaintiff  to proceed with her loss-of-consortium action. While we have found no Illinois decision on the precise point at issue here, and there are decisions elsewhere supporting both views, a majority of the cases in other juris-

dictions hold that a judgment in the impaired spouse's personal-injury action is not binding upon the deprived spouse who is not a party thereto. (Annot., 12 A.L.R.3d 933 (1967).) Since the courts so holding generally base their decisions on the theory that husband and wife are not privies merely because of the marital relationship, it would seem likely that those courts would hold that a settlement of a claim or suit by the impaired spouse would not bar the loss-of-consortium claim of the deprived spouse.

Apart from this consideration, however, is an additional factor—the pendency of plaintiff's loss-of-consortium suit and the divorce action at the time of settlement of the husband's injury claim. The plaintiff had joined as defendants in the divorce action the alleged tortfeasor and his insurer and secured an order prohibiting them from disbursing the proceeds of any settlement with her husband. In these circumstances defendant Metzger and his insurer were well aware of the pendency of both actions and could have sought consolidation of the husband's personal-injury action and the wife's loss-of-consortium suit. Instead, they apparently elected to settle with the husband alone and gamble that such settlement would bar the wife's action despite the absence of any conclusive authority to that effect in this State. Similarly, the alternative argument that we should apply here the mandatory joinder rule is scarcely persuasive in light of the fact that Metzger and his insurer made no effort to secure consolidation of the injury and loss-of-consortium actions.

In the circumstances of this case we believe plaintiff should be permitted to proceed with her loss-of-consortium suit. The trial judge will, of course, by appropriate instructions, exclude the loss-of-support and medical-expense allegations of the complaint from the jury's consideration. The judgment of the appellate court is accordingly affirmed.

*Judgment affirmed.*