Carolyn Lenore **HUFFER**, Appellant,

v.

Jeffrey Scott **KOZITZA**, Respondent.

No. C3–84–1636.

Court of Appeals of Minnesota.

Jan. 29, 1985.

James H. Manahan, Manahan & Partridge Law Office, Mankato, for appellant.

Philip R. Reitan, Lundquist, Reitan & Lundquist, Mankato, for respondent.

Heard, considered and decided by LESLIE, P.J., and WOZNIAK and LANSING, JJ.

## OPINION

LESLIE, Judge.

This is an appeal from a summary judgment in favor of the defendant, Jeffrey Kozitza. The trial court determined that plaintiff Carolyn Huffer's cause of action for loss of consortium terminated when her husband settled with Kozitza's insurer. We reverse and remand for a trial on the merits.

## FACTS

On December 21, 1979, Jeffrey Kozitza and Richard Huffer were involved in an automobile accident in which Richard was injured. Richard thereafter retained an attorney to represent him in bringing a claim against Kozitza and his insurer.

Following the accident Richard Huffer's marriage began to deteriorate, and on July 22, 1981 his wife Carolyn began dissolution proceedings. On July 28, 1981, Carolyn's attorney advised Richard's attorney that Carolyn would be making a claim against Kozitza for loss of consortium, which should be presented with Richard's action

when suit was commenced. However, on June 22, 1982, without ever commencing an action, Richard entered into a settlement with Kozitza's insurer. The release was not signed by Carolyn, nor did it specifically mention her claim for loss of consortium.[1] Neither she nor her attorney received notice of the agreement.

Carolyn commenced an action against Kozitza for loss of consortium on March 16, 1983. Kozitza answered, claiming *inter alia* that Carolyn's cause of action was barred since it was derivative and could only be based upon an action by her husband, Richard. Kozitza thereafter moved the court for summary judgment upon this ground, and the court granted the motion. Carolyn has appealed from that decision.

## ISSUE

When a husband's claim for personal injuries has been resolved by settlement without his wife's knowledge or consent, may the wife bring a separate independent action for loss of consortium?

## ANALYSIS

A wife's cause of action for loss of consortium was first recognized by the Minnesota Supreme Court in *Thill v. Modern Erecting Co.*, 284 Minn. 508, 170 N.W.2d 865 (1969). While recognizing the wife's cause of action for loss of consortium, however, the court subjected it to three restrictions:

> The rule that we establish today is that the wife of a husband injured as the direct result of the negligence of another shall have a right of action against that same person for her loss of consortium, subject to these essential conditions: (a) Because we hold her right of action to be a derivative right, she may recover only if her husband recovers from the same defendant; (b) because we deem it an indispensable safeguard against the danger of double recovery, she will have her

---

1. The release form does purport to discharge Kozitza from "any and all actions, causes of action, claims, demands, costs, loss of services, *loss of consortium...*" resulting from the acci-
dent. However, it is clear that the release was only "between the parties hereto," which did not include Carolyn.

cause of action only if it is joined for trial with the husband's own action against the same defendant; and (c) because the wife's action for lost consortium is so much based upon impairment of marital relationship, were it to continue in the future, any award for her loss of consortium shall be joined in judgment with that of her husband, except only if she shall specifically declare to the jury her insistence for judgment in her own name alone.

*Id.* at 513, 170 N.W.2d at 869 (footnotes omitted).

The above language indicates that joinder of a wife's claim with her husband is necessary where the facts are similar to those in *Thill* —i.e., where the husband has actually sued the defendant. However, we find that *Thill* was not intended to preclude a wife's claim where joinder of her action is impossible due to the fact that her husband will not or cannot bring ·his own action.

There are at least two indications in the *Thill* opinion that its restrictions should not be so strictly construed. First of all, in *Thill* the plaintiff had commenced her action for loss of consortium after her husband's lawsuit had already been concluded. Since it would have therefore been impossible to require joinder, the *Thill* court allowed the wife's action to proceed. Likewise, in the present situation where joinder is impossible, the plaintiff should be allowed to pursue her claim.

Second, although at first appearing to require joinder in *all* instances, the *Thill* court nonetheless went on to include other, more equivocal, language:

Where the right of plaintiff * * * Thill is derivative from the right of [her husband], and where, under the rule announced in this case, the claims *ordinarily* must be jointly tried * * *

*Id.* at 515, 170 N.W.2d at 870 (emphasis supplied). This language provides support for the plaintiff's argument in the present instance that joinder is not absolutely mandatory, and should not be required where impossible.

The *Thill* court cited the Wisconsin case of *Fitzgerald v. Meissner & Hicks, Inc.*, 38 Wis.2d 571, 157 N.W.2d 595 (1968), which contains the following language:

It is, of course, preferable that the claims of both husband and wife for loss of consortium be joined for the purpose of trial so that the same finder of fact passes on both claims to avoid any duplication. However, if this cannot be done because of procedural obstacles or the inability or unwillingness of the husband to assert his claim, the wife should not be prevented from pursuing her own independent cause of action.

*Id.*, 157 N.W.2d at 600.

Wisconsin, therefore, would require joinder where possible, but under the circumstances of the present case the wife's cause of action would be allowed to proceed. That same conclusion has been reached by at least seven other jurisdictions which have considered similar situations.[2] As one recent case states:

While it is true that a cause of action for loss of consortium derives from the impaired spouse's claim for his injury * * we agree with the court in *Rosander v. Copco Steel & Engineering Co.* (1982),

**2.** *See Nealey v. Fluor Drilling Services, Inc.*, 524 F.Supp. 789 (W.D.La.1981), *aff'd sub nom. Stretton v. Penrod Drilling Co.*, 701 F.2d 441 (5th Cir.1983); *Brown v. Metzger*, 118 Ill.App.3d 855, 74 Ill.Dec. 405, 455 N.E.2d 834 (2d Dist.1983), *aff'd* 104 Ill.2d 30, 83 Ill.Dec. 344, 470 N.E.2d 302 (1984); *Kotsiris v. Ling*, 451 S.W.2d 411 (Ky.1970); *Shepherd v. Consumers Cooperative Assoc.*, 384 S.W.2d 635 (Mo.1964); *Whittlesey v. Miller*, 572 S.W.2d 665 (Tex.1978); *Ryter v. Brennan*, 291 So.2d 55 (Fla.App.1974), *cert. denied*, 297 So.2d 836 (Fla.1974); *Rosander v. Copco Steel & Engineering Co.*, 429 N.E.2d 990 (Ind.

App.1982). Similarly, in cases where one has signed a release prior to entering into an activity which has resulted in injuries, courts have allowed spouses to bring claims for loss of consortium. *See, e.g., Gillespie v. Papale*, 541 F.Supp. 1042 (D.C.Mass.1982); *Fleischman v. Harwood*, 10 F.R.D. 139 (S.D.N.Y.1950); *Arnold v. Shawano County Agricultural Society*, 317 N.W.2d 161 (Wis.App.1982), *aff'd* 111 Wis.2d 203, 330 N.W.2d 773 (1983); *Barker v. Colorado Region—Sports Car Club of America, Inc.*, 35 Colo.App. 73, 532 P.2d 372 (1974); *Deese v. Parks*, 157 Ga.App. 116, 276 S.E.2d 269 (1981).

Ind.App., 429 N.E.2d 990, which held that "placing actions in a derivative posture does not give one party the right to waive the rights of another." (429 N.E.2d 990, 991.) Though derivative, the loss of consortium claim is still a separate cause of action * * * Thus, we hold, as courts in several other states have held, that a release executed only by the impaired spouse does not bind the deprived spouse and, therefore, does not bar the deprived spouse's cause of action for loss of consortium.

*Brown v. Metzger,* 118 Ill.App.3d 855, 74 Ill.Dec. 405, 455 N.E.2d 834, 837–838 (2d Dist.1983) *aff'd* 104 Ill.2d 30, 83 Ill.Dec. 344, 470 N.E.2d 302 (1984) (citations omitted).

In addition, the Restatement provides:

*Unless it is not possible to do so,* the action for loss of society and services is required to be joined with the action for illness or bodily harm, and recovery for loss of society and services is allowed only if the two actions are so joined.

Rest. Torts 2d § 693(2) (1977) (emphasis supplied).

The respondent argues that the New York courts have determined that a wife cannot sue for loss of consortium where her husband has settled his claim for personal injuries. The respondent cites *Millington v. Southeastern Elevator Co., Inc.,* 22 N.Y.2d 498, 293 N.Y.S.2d 305, 239 N.E.2d 897 (1968), which states:

The defendants argue that there are practical difficulties in allowing a consortium action, especially with respect to retrospective application. The problem has not troubled other courts seriously and may easily be resolved. Where there is a cause of action brought by the injured husband pending, the wife's consortium action, if not time-barred, should be joined with her husband's claim. Where, however, the husband's cause of action has been terminated either by judgment, settlement or otherwise, that should operate to bar the wife's cause of action for consortium.

*Id.* 293 N.Y.S.2d at 312, 239 N.E.2d at 902–903. However, the above reference to judgments and settlements is contained within a discussion of retrospective application. Although at least one court has interpreted *Millington* as barring claims for loss of consortium after *any* judgment or settlement by a husband (*see Hopson v. St. Mary's Hospital,* 176 Conn. 485, 408 A.2d 260, 264 (1979)), at least three other jurisdictions have interpreted the *Millington* decision as barring a wife's action for loss of consortium only where the action by the husband was concluded by settlement or judgment prior to the effective date of a court decision recognizing a wife's claim for loss of consortium. *See, e.g., Rodriguez v. Bethlehem Steel Corp.,* 12 Cal.3d 382, 115 Cal.Rptr. 765, 525 P.2d 669, 686 (Cal.1974); *Diaz v. Eli Lilly and Co.,* 364 Mass. 153, 302 N.E.2d 555, 564 (1973); *Swartz v. United States Steel Corp.,* 293 Ala. 439, 304 So.2d 881, 886 (1974). We agree with this latter interpretation of *Millington.*

### DECISION

We hold that the appellant is not bound by the settlement entered into by her husband without her knowledge, but may proceed against Kozitza upon her claim for loss of consortium. The order of the trial court granting summary judgment is, accordingly, reversed, and the case is remanded for further proceedings.

Reversed and remanded.