Maria SANCHEZ and Louis Sanchez, Appellants (Plaintiffs Below),

v.

Barbara HAMARA, Appellee (Defendant Below).

No. 75A03–8806–CV–00186.

Court of Appeals of Indiana, Third District.

Feb. 27, 1989.

Calvin K. Hubbell, Law Offices of Calvin K. Hubbell, Valparaiso, for appellants.

Mark L. Phillips, Newby, Lewis, Kaminski & Jones, LaPorte, for appellee.

STATON, Judge.

Maria and Louis Sanchez appeal a summary judgment granted in favor of Barbara Hamara on Maria's claim for personal injury and Louis' claim for loss of consortium. The trial court granted summary judgment on the grounds that the Sanchez' claims are barred by the Workmen's Compensation Act. This appeal raises two issues, which we restate and renumber as:

1. Whether genuine issues of material fact exist as to whether the Workmen's Compensation Act provides the Sanchez' exclusive remedy.
2. Whether the trial court erred in striking portions of Maria's affidavit.

We affirm.

On March 28, 1985, Maria was injured when Barbara inadvertently closed the door of her nine passenger van on Maria's hand. The accident occurred in the Anderson Company employee parking lot. Both Maria and Barbara were employed by the Anderson Company and had just gotten off work.

## I.

### Exclusive Remedy

The Sanchezes first raise the issue whether genuine issues of material fact exist precluding summary judgment. Initially, we note our standard of review. On an appeal from a summary judgment, we must determine whether the record reveals a genuine issue of material fact and whether the trial court correctly applied the law. Any doubt as to a fact, or an inference to be drawn, is resolved in favor of the non-moving party. *Schrader v. Mississinewa Community School Corp.* (1988), Ind.App., 521 N.E.2d 949, 952. Summary judgment will be affirmed if it is sustainable upon any theory supported by the record. *Aetna Ins. Co. of Midwest v. Rodriguez* (1987), Ind.App., 504 N.E.2d 1030, 1032, *reversed on other grounds* (1988), Ind., 517 N.E.2d 386, *reh. denied.*

In order for the Workmen's Compensation Act to preclude Maria's common law negligence action against Barbara, it must be shown that both Maria and Barbara were acting "in the course of" their employment when the accident occurred.[1] IC

---

1. The Sanchezes raise the issue whether the trial court erroneously granted summary judgment without determining whether Barbara was acting "in the course of" her employment. The trial court's judgment does not mention Barbara's status as a co-employee. However, as Barbara points out in her brief, neither party requested the trial court to make special findings of fact and conclusions of law. A party who does not request findings of fact cannot complain on appeal that the trial court failed to make a finding. *State, ex rel. Williams v. Lugar* (1979), 180 Ind.App. 611, 390 N.E.2d 210. Further, because summary judgment will be affirmed if it is sustainable upon any theory supported by the record, *Rodriguez, supra,* whether the trial court included in its judgment a state-

22-3-2-2; IC 22-3-2-13; *Seiler v. Grow* (1987), Ind.App., 507 N.E.2d 628, 630–31, *reh. denied.*

■ The Sanchezes argue that whether Barbara was acting during the course of her employment such that she is in the "same employ" and whether Maria's injury arose "out of and in the course of" her employment are questions of fact for the jury to decide. It is true that whether an injury arises out of and in the course of an employment depends upon the facts and circumstances of each case. *L.W. Edison, Inc. v. Teagarden* (1981), Ind.App., 423 N.E.2d 709, 711. However, when the facts relating to the question of liability under the Act are undisputed and when such facts lead to only one inference, the issue becomes one of law for the court to decide. *O'Dell v. State Farm Mut. Auto. Ins. Co.* (1977), 173 Ind.App. 106, 362 N.E.2d 862, 866, *trans. denied.*

■ The test to determine if co-employees are "in the same employ" such that the Act is the exclusive remedy is whether the defendant, Barbara, could obtain compensation benefits in the same or similar circumstances. *Ward v. Tillman* (1979), 179 Ind.App. 626, 386 N.E.2d 1003, 1005. It is clear from the facts in this case that if Maria's injury arose "out of and in the course of" her employment, then Barbara is also in the same employ. This court has previously held as a matter of public policy that the Act favors liberal construction of making awards for accidents involving the ingress and egress of employees to and from their work premises on the theory that such accidents arise "out of and in the course of" employment. *Ward, supra; O'Dell, supra.* We have further held that employee parking lots within the employer's supervision are clearly extensions of the employer's operating premises. *Ward, supra.*

There is no dispute that the injury to Maria occurred in the Anderson Company's employee parking lot while both women were leaving work. Maria argues that the facts are in conflict as to the amount of

supervision and control the Anderson Company has over the parking lot creating an issue whether it is sufficient to conclude the injury arose "out of and in the course of" employment. The record reveals that a fence separates at least part of the parking lot from public property. In addition, a security guard was regularly stationed in a trailer located at the parking lot entrance to make sure incoming cars had the proper employee parking sticker. It is unclear whether a guard was on duty the night of the accident.

The above facts notwithstanding, the only inference which can be drawn from the record is that the Anderson Company provided and supervised the parking lot for its employees' use. As a matter of law, the parking lot is an extension of the Anderson Company's operating premises. *Ward, supra; O'Dell, supra.* The trial court did not err in finding that Maria's injury arose "out of and in the course of" her employment. Likewise, Barbara was in the same employ as Maria, thus barring a common law action against her. The trial court did not err in granting summary judgment for Barbara on Maria's personal injury claim.

The Sanchezes also raise the issue whether the trial court erred in granting summary judgment to Barbara on Louis' claim for loss of consortium. Their sole argument is that Louis' claim should not be barred because Maria has a common law action against Barbara. This argument fails in light of our conclusion that Barbara was a person in the same employ as Maria and is shielded by the Act from a common law action by Maria. As the Sanchezes do not raise the issue whether Louis has a claim for loss of consortium against Barbara where Maria's exclusive remedy is provided by the Act, we leave that question for another day. The trial court did not err in granting summary judgment for Barbara on Louis' claim for loss of consortium.

## II.

### *Affidavit*

■ The Sanchezes also raise the issue whether the trial court erroneously struck

ment that Barbara was acting "in the course of" her employment is of no moment.

portions of Maria's affidavit. The relevant portion of the trial court's order reads:

> The Court having taken the Motion of Defendant Barbara Hamara to Strike under advisement finds that portions of said Affidavit are conclusions and improper and should be striken [sic] accordingly and that other portions appear to attempt to contradict potions [sic] of her prior deposition testimony and should not be considered as creating an issue of fact for purposes of defeating Defendant's Motion for Summary Judgment. *Gaboury v. Road Grace Brethren* (1983), Ind., 446 N.E.2d 1310.

The trial court did not specify what portions of the affidavit were improper conclusions. However, we have reviewed the affidavit and it is clear that ¶ 2 is an improper conclusion. That paragraph states:

> 2. That on March 28, 1985, I ... was doing nothing in the course and scope of my employment at the time Barbara Hamara slammed the door of the van on my hand.

Mere assertions of opinions or conclusions of law will not suffice to create a genuine issue of material fact to preclude summary judgment. *McMahan v. Snap On Tool Corp.* (1985), Ind.App., 478 N.E.2d 116, 122.

The Sanchezes argue that the trial court erroneously concluded that portions of the affidavit contradict Maria's deposition testimony. We need not determine whether the trial court erred. It is clear from the trial court's judgment that the affidavit was considered in reaching the conclusion that no genuine issue of material fact exists. Thus, assuming the affidavit did not contradict the prior deposition testimony, any alleged error is harmless.

THE TRIAL COURT'S JUDGMENT IS AFFIRMED.

HOFFMAN, J., concurs.

SULLIVAN, J., concurs in part and dissents in part with separate opinion.

SULLIVAN, Judge, concurring in part and dissenting in part.

I respectfully disagree with the majority's statement that the test as to whether co-employees are "in the same employ" is solely whether the defendant employee could obtain compensation benefits. *See Thiellen v. Graves* (1988) 2d Dist.Ind.App., 530 N.E.2d 765.

More importantly, however, I disagree that Louis' consortium claim is barred solely because Barbara was acting in the course of her employment. The summary judgment in favor of Barbara is not correct unless the court correctly applied the law to the facts. In my view the legal inquiry is not ended with a determination of Barbara's "in the course of employment" status. *See Rosander v. Copco Steel & Engineering Co.* (1982) 3d Dist.Ind.App., 429 N.E.2d 990.

*Rosander* has been criticized for stating that a consortium claim is a derivative, rather than an independent claim. Mead, *Torts, 1982 Survey of Recent Developments in Indiana Law,* 16 Ind.L.Rev. 377, 398 (1983). Nevertheless, the holding of the Third District is that the consortium claim was not barred by the recovery of workers compensation from the claimant's employer, nor by a release executed by the injured employee in favor of the employer of the individual who caused the injury.

In short, if the consortium claim is in law a claim independent of the claim made by the injured employee it is not barred by the fact that a co-employee was in the course and scope of his employment when he caused the injury.

I fully concur with the treatment under Part II.