Debra A. BARNETT, Appellant–
Plaintiff,

v.

Camille CLARK, Trustee of Pleasant
Township, Appellee–Defendant.

No. 76A03–0704–CV–182.

Court of Appeals of Indiana.

Dec. 11, 2007.

Christopher J. Wheeler, Stout & Wheeler, LLP, Angola, IN, Attorney for Appellant.

Robert T. Keen, Jr., Kelly J. Pautler, Carson Boxberger, Fort Wayne, IN, Attorneys for Appellee.

**OPINION**

MAY, Judge.

Debra A. Barnett asserts Camelia

Clark,[1] as Pleasant Township Trustee, is vicariously liable for the sexual misconduct of her employee, Donald Clark.[2] Barnett appeals from summary judgment for Camelia. Finding an issue of fact exists, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Camelia, as Township Trustee, was charged with providing temporary financial assistance to indigent Township residents. Donald was the Deputy Township Trustee. His duties included receiving phone calls, scheduling appointments with clients, reviewing applications for assistance, writing purchase orders and vouchers, and bookkeeping.

On or about August 18, 2003, Debra went to the Trustee's office to obtain financial assistance. There she met with Donald. After she filled out an application, Donald told her to come back to the office the next day. At some point during this first meeting, Donald put his hand on Debra's and hugged her.

When Debra returned the next day, Donald told her she would have to work for the Trustee's office in order to receive assistance from the Township. Debra signed a contract in which she agreed to do the work. Donald told her to report to the office on August 21, 2003 to begin the work. During this second meeting, Donald touched Debra in an inappropriate manner.

Debra came to the office on August 21 and completed filing and paperwork as directed by Donald. Donald reviewed her work and discussed having her do additional work. Donald then closed the door, pushed a chair in front of it, and turned off

the lights. He forced Debra to have sex with him. Afterward, Donald told Debra to come back the next morning to do more paperwork. Debra did not return, and she contacted the police.

Donald continued to call Debra about her application for assistance. On or about September 4, 2003, Donald went to Debra's home with paperwork he wanted her to review and sign. They discussed Debra's utilities and rent. Donald touched Debra and tried to hug and kiss her. Donald forcibly turned Debra's head toward his and kissed her. At some point, he unbuttoned and unzipped his pants. Indiana State Police, who were conducting surveillance, entered the room and arrested Donald. He pled guilty to sexual battery and an unrelated battery.

Debra filed a complaint against Camelia as Pleasant Township Trustee, alleging she is vicariously liable for Donald's actions. The trial court granted summary judgment for Camelia, finding Donald's conduct was not sufficiently similar to his authorized duties to be within the scope of his employment.

## DISCUSSION AND DECISION

In reviewing summary judgment, we apply the same standard as the trial court. *Wright v. American States Ins. Co.*, 765 N.E.2d 690, 692 (Ind.Ct.App.2002). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). "Any doubt as to a fact, or an inference to be drawn, is resolved in favor of the nonmoving party," here, Debra. *Sanchez v. Hamara*, 534 N.E.2d 756, 757 (Ind.Ct.App.

1. Although "Camille Clark" is listed as the Appellee in the caption, Clark's brief refers to "Camelia Clark." We presume her attorney knows the correct spelling of her name.

2. Donald and Camelia are husband and wife.

1989). The appellant bears the burden of persuading us the grant of summary judgment was erroneous. *Bank One Trust No. 386 v. Zem, Inc.,* 809 N.E.2d 873, 878 (Ind.Ct.App.2004), *trans. denied* 822 N.E.2d 975 (Ind.2004).

 "Respondeat superior imposes liability, where none would otherwise exist, on an employer for the wrongful acts of his employee which are committed within the scope of employment." *Stropes by Taylor v. Heritage House Childrens Center of Shelbyville, Inc.,* 547 N.E.2d 244, 247 (Ind. 1989).

The determination of whether an employee was acting within the scope of his employment does not turn on the type of act committed. An employer can be vicariously liable for the criminal acts of an employee. The test is whether the employee's actions were at least for a time authorized. If there is a sufficient association between the authorized and unauthorized acts, then the unauthorized acts can be within the scope of employment. If some of the employee's actions were authorized, the question of whether the unauthorized acts were within the scope of employment is one for the jury. However, if none of the employee's acts were authorized, there is no respondeat superior liability and summary judgment is proper.

*Konkle v. Henson,* 672 N.E.2d 450, 457 (Ind.Ct.App.1996).

Camelia argues this case is similar to *Konkle.* It is not. Konkle was molested by the minister of a local church over the course of several years. Konkle brought suit against the church, alleging it was vicariously liable for the minister's conduct. The trial court granted summary judgment for the church, and we affirmed because Konkle had not alleged any of the minister's actions were authorized. *Id.* If some of the actions had been authorized,

whether the molestation was in the scope of employment would have been a factual issue precluding summary judgment. *Id.*

Contrary to Camelia's assertion, *Konkle* does not "focus ... upon whether the employer authorized the employee to have physical contact with the plaintiff." (Appellee's Br. at 7.) Rather, *Konkle* and the other decisions on which Camelia relies hold that when authorized and unauthorized actions are intermingled, the question of whether the misconduct was in the scope of employment is for the trier of fact to decide. *Stropes,* 547 N.E.2d at 250 (holding jury should decide whether nurse aide who engaged in sex acts with mentally handicapped patient in between changing the boy's sheets and clothes acted in scope of employment); *Doe v. Lafayette Sch. Corp.,* 846 N.E.2d 691, 702 (Ind.Ct.App. 2006) (affirming summary judgment for school where teacher "on his own initiative and unrelated to any school function, instigated an intimate relationship" with a student); *Southport Little League v. Vaughan,* 734 N.E.2d 261, 268–70 (Ind.Ct. App.2000) (affirming denial of summary judgment where equipment manager led boys to equipment shed on pretext of getting equipment, then molested them there), *trans. denied* 753 N.E.2d 5 (Ind. 2001).

 Camelia does not deny Donald's conduct was a mixture of authorized and unauthorized acts. However, she argues the unauthorized acts do not bear any connection to the authorized acts. *See, e.g., Konkle,* 672 N.E.2d at 457 ("If there is a sufficient association between the authorized and unauthorized acts, then the unauthorized acts can be within the scope of employment.") It is true the plaintiff must demonstrate an association between the authorized and unauthorized acts. However, none of the decisions Camelia cites hold the existence of an association,

or lack thereof, may be determined as a matter of law.

We need not address whether there may be a case where the connection is so slight that an employer would be entitled to summary judgment, because Debra's case is similar to other cases that have withstood summary judgment. For example, in *Southport Little League*, the league's equipment manager asked two boys to help him retrieve equipment from the equipment shed, and then he molested the boys in the shed. The boys' parents sued the league on a *respondeat superior* theory. The league was denied summary judgment because the designated evidence demonstrated the equipment manager's conduct was a mixture of authorized and unauthorized actions. *Southport Little League*, 734 N.E.2d at 270. Whether the conduct was in the scope of employment was an issue of fact. *Id.*

Like the equipment manager, Donald used his official duties to create an opportunity to be alone with the object of his sexual misconduct. Donald did more than create a pretext for being alone with Debra; he was performing his duties before and after his misconduct. Therefore, whether Donald was acting in the scope of his employment is an issue of fact, and it was error to grant summary judgment for Camelia.

Reversed and remanded.

DARDEN, J., and CRONE, J., concur.