ATTORNEY FOR APPELLANT
Christopher J. Wheeler
Stout & Wheeler, P.C.
Boxberger LLP
Angola, Indiana

ATTORNEYS FOR AMICUS CURIAE
INDIANA TRIAL LAWYERS ASSOCIATION
Frederick R. Hovde
Nicholas C. Deets
Hovde Dassow & Deets, LCC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Robert T. Keen, Jr.
Kelly J. Paulter
Carson Boxberger LLP
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE
INDIANA CHAMBER OF COMMERCE
IND. SCHOOL BOARDS ASSOC.
IND. ASSOC. OF PUBLIC SCHOOL SUPERINTENDENTS
IND. ASSOC. OF CITIES AND TOWNS
IND. MUNICIPAL LAWYERS ASSOC, and
INSURANCE INSTITUTE OF INDIANA
Thomas E. Wheeler, II
Locke Reynolds LLP
Indianapolis, Indiana

**FILED**

Jun 27 2008, 2:40 pm

CLERK
of the supreme court,
court of appeals and
tax court

## In the
## Indiana Supreme Court

No. 76S03-0803-CV-148

DEBRA A. BARNETT,                                    *Appellant (Plaintiff below),*

v.

CAMILLE CLARK, TRUSTEE OF PLEASANT TOWNSHIP,        *Appellee (Defendant below).*

Appeal from the Steuben Circuit Court, No. 76C01-0503-CT-122
The Honorable Allen N. Wheat, Judge

On Transfer from the Indiana Court of Appeals, No. 76A03-0704-CV-182

**June 27, 2008**

**Dickson, Justice.**

The plaintiff Debra A. Barnett is seeking damages from the defendant Camille Clark, Trustee of Pleasant Township in Steuben County, Indiana, for the conduct constituting rape, sexual battery, and false imprisonment committed by one of the Trustee's employees. The trial court

granted summary judgment in favor of the defendant Trustee, and the Court of Appeals reversed. Barnett v. Clark, 877 N.E.2d 839 (Ind. Ct. App. 2007). We granted transfer and now affirm the trial court.

In appealing the grant of summary judgment, the plaintiff has contended that that the Trustee may be held vicariously liable for its employee's actions under the theory of *respondeat superior* for wrongful acts committed within the scope of the employment, citing Stropes v. Heritage House Children's Ctr., 547 N.E.2d 244, 247 (Ind. 1989). She argues that summary judgment is improper because some of the employee's acts were authorized, and thus the question of whether the employee's injurious acts to the plaintiff, even if unauthorized, were nevertheless within the scope of employment, is a jury question. In response, the defendant Trustee contends that, because the employee's authorized job duties did not involve any physical contact with the plaintiff, the Trustee is not vicariously liable as a matter of law for acts clearly outside the scope of employment. The parties disagree about the holding of Stropes and its application to the instant facts. The briefs of the amici also focus on their respective views regarding Stropes.

Since this is an appeal from the granting of the defendant Trustee's motion for summary judgment finding that the alleged acts of the Trustee's employee were not performed within the scope of his employment, the issue before us is whether the materials submitted to the trial court establish the absence of a genuine issue of material fact upon such issue, and if so, whether the Trustee is entitled to judgment thereon as a matter of law. We must construe all facts and reasonable inferences in favor of the plaintiff as the non-moving party. Ho v. Frye, 880 N.E.2d 1192, 1197 (Ind. 2008); Worman Enterprises, Inc. v. Boone County Solid Waste Management Dist., 805 N.E.2d 369, 373 (Ind. 2004); Carie v. PSI Energy, Inc., 715 N.E.2d 853, 855 (Ind. 1999). The facts and inferences indicate that the plaintiff had sought public assistance from her local trustee's office, where she was interviewed by a deputy trustee, an employee of the defendant Trustee. The deputy advised the plaintiff that if she wanted to receive assistance, she would have to do some bookwork for him at the rate of $10.00 per hour. Several days later, the plaintiff returned to the same trustee's office to do the bookwork, and the deputy gave her instructions. When the plaintiff had finished her tasks, the deputy reviewed the work with the plaintiff in a

2

back room of the office and then closed the door, blocked it with a chair, turned off the lights, and sexually assaulted the plaintiff.[1]  The deputy told the plaintiff to return to the office the next morning to do more paperwork, but the plaintiff instead informed the police of the assault.  The deputy was charged and pleaded guilty to Sexual Battery as a class D felony and Battery as a class B misdemeanor.  He was sentenced to 18 months in prison and ordered to register as a sex offender.  Appellant's App'x at 33-34.

The general rule is that vicarious liability will be imposed upon an employer under the doctrine of *respondeat superior* where the employee has inflicted harm while acting "within the scope of employment."  Sword v. NKC Hospitals, Inc, 714 N.E.2d 142, 148 (Ind. 1999); Warner Trucking, Inc. v. Carolina Cas. Ins. Co., 686 N.E.2d 102, 105 (Ind. 1997); Helfrich v. Williams, 84 Ind. 553, 554-55 (1882).  And in order for an employee's act to fall "within the scope of employment," the injurious act must be incidental to the conduct authorized or it must, to an appreciable extent, further the employer's business.  Celebration Fireworks, Inc. v. Smith, 727 N.E.2d 450, 453 (Ind. 2000); s*ee also*, Kemezy v. Peters, 622 N.E.2d 1296, 1298 (Ind. 1993);  Hurlow v. Managing Partners, Inc., 755 N.E.2d 1158, 1162 (Ind. Ct. App. 2001).

The Restatement of Agency advises that "[a]n employer is subject to vicarious liability for a tort committed by its employee acting within the scope of employment."  Restatement (Third) of Agency, § 7.07(1) (2006); *see also id*. at § 2.04.  Further, "[a]n employee acts within the scope of employment when performing work assigned by the employer or engaging in a course of conduct subject to the employer's control.  An employee's act is *not* within the scope of employment when it occurs within *an independent course of conduct* not intended by the employee *to serve any purpose of the employer*."  *Id*. at § 7.07(2) (emphasis added).  Comment c to Section 7.07 explains that "[a]n employee may engage in conduct, part of which is within the scope of employment and part of which is not."  To illustrate this principle, the Comment describes an employee driving a truck in the scope of employment, and who becomes irate at an-

---

[1] The sole basis of liability asserted by the plaintiff is that the Trustee is vicariously liable on the theory of *respondeat superior* for "uninvited sexual acts" of an employee.  Appellant's Br. at 1.  She asserts that, as a condition of her receiving financial assistance, the employee required that she "do some book work," but she does not base her claim on any contention that the employee demanded sexual favors as a precondition or in return for government benefits to which she may have been entitled.

other motorist, leans out the truck cab, and shoots the driver whose conduct enraged him. While the shooting occurred in the midst of the employee's duties of employment, the shooting "is not within the scope of employment." *Id.* at § 7.07 cmt. c.

Situations may arise, however, in which vicarious liability may be imposed upon employers for the tortious or criminal acts of their employees. *See*, *e.g.*, Stropes, 547 N.E.2d at 250 (employee assault upon incapitated patient); Southport Little League v. Vaughan, 734 N.E.2d 261, 268 (Ind. Ct. App. 2000) (equipment manager's molestation of participating youths); Gomez v. Adams, 462 N.E.2d 212, 224-25 (Ind. Ct. App. 1984) (private security officer's assault and battery, forgery, conversion, and theft)); Tippecanoe Beverages v. S.A. El Aguila Brewing Co., 833 F.2d 633 (7th Cir. 1987) (manufacturer's agent committed conversion of payment from wholesaler).

In Stropes, this Court reversed the grant of summary judgment to the defendant facility, where the plaintiff had been placed as a ward of the Marion County Welfare Department. The plaintiff was a fourteen-year-old victim of cerebral palsy with "the mental capacity of a five-month-old infant and was without the verbal and motor skills necessary to perform or assist in even the simplest tasks associated with his own sustenance or sanitation." Stropes, 547 N.E.2d at 245. It was the duty of Griffin, one of the defendant facility's employees, to feed, bathe, and change the bedding and clothing of its residents, including the plaintiff. In the course of changing the plaintiff's bed linens, Griffin sexually assaulted the plaintiff and then completed changing the bed. Our opinion in Stropes acknowledges the general rule that, for purposes of imposing vicarious liability, an employer is not responsible for acts done outside the scope of employment, that is, "on the employee's own initiative with no intention to perform it as part of or incident to the service for which he is employed." *Id.* at 247 (included quotation and citations omitted). But Stropes explains that "an employee's wrongful act may still fall within the scope of his employment if his purpose was, to an appreciable extent, to further his employer's business, even if the act was predominantly motivated by an intention to benefit the employee himself." *Id.* In evaluating this issue, Stropes specifically noted the following facts:

> Griffin began the episode by performing a fully authorized act, stripping the sheets from David's bed prior to changing the bedding. He was also authorized to undress David Stropes and to touch his genitals and other parts of his body when bathing him and

4

changing his clothes. Had David been distressed or frightened, the nurse's aid could have appropriately offered comfort and assurance by a pat or a caress; had he been violent or resistant, Griffin could have used appropriate physical force to restrain him. Griffin also ended the episode with a fully authorized act, dressing David for the day.

*Id.* at 249. Reasoning that these facts could be viewed as showing that the employee acted to an appreciable extent to further his employer's business and that the actions were at least for a time authorized by the employer and motivated by the employer's interests, we noted that these inferences could lead to the conclusion that the "wrongful acts fell within the scope of his employment and Heritage should be accountable." *Id.* at 250. We concluded that "[t]he nature of the acts were, at the very least, sufficiently associated with Griffin's authorized duties to escape dismissal on summary judgment." *Id.*[2]

The issue of vicarious liability for an employee's sexual offense has also been confronted in <u>Vaughan</u>, 734 N.E.2d at 261, and <u>Konkle v. Henson</u>, 672 N.E.2d 450 (Ind. Ct. App. 1996), both of which sought to follow <u>Stropes</u>.

In <u>Vaughan</u>, the court affirmed a jury verdict imposing vicarious liability for an equipment manager's sexual molestation of youths participating in a summer baseball program. Affirming the denial of summary judgment, the court accepted the plaintiffs' argument that the designated materials raised the inference that the equipment manager's acts in viewing the boys' genitalia for sexual gratification and when he sexually molested the youths were sufficiently associated with conduct by the manager that the defendant league had authorized, including fitting the boys with uniforms. Citing <u>Konkle</u>, the court in <u>Vaughan</u> held that because some of the equipment manager's actions were authorized, it was proper to deny summary judgment and to permit the jury to determine whether the employee's injurious actions were within the scope of employment.

Reaching a contrasting result, the <u>Konkle</u> court affirmed summary judgment and refused to impose vicarious liabilty upon a church for its minister's acts of child molestation. While finding that the minister had access to the child because of his position as pastor, the court found that

---

[2] As an independent, alternate basis for reversing summary judgment, <u>Stropes</u> also found "that Heritage assumed a non-delegable duty to provide protection and care so as to fall within the common carrier exception." *Id.* at 254.

his unauthorized acts "are not similar to his duties as a minister," and that he "was not engaging in authorized acts or serving the interests of his employer" when the molestation occurred. Konkle, 672 N.E.2d at 457. In its discussion, however, Konkle opined that "[i]f some of the employee's actions were authorized, the question of whether the unauthorized acts were within the scope of employment is one for the jury," *id*. at 457, and as authority for this premise cited Stropes, 547 N.E.2d at 249-50. While the Konkle court may have been attempting to capsulize a holding in Stropes, this premise is neither expressly stated nor directly implied therein. Stropes emphasized that "the focus must be on how the employment relates to the context in which the commission of the wrongful act arose," 547 N.E.2d at 249, and that, under the facts presented, "[t]he nature of the acts were, at the very least, sufficiently associated with Griffin's authorized duties to escape dismissal on summary judgment," *id*. at 250.

Taking the facts of the present case favorable to the plaintiff, as we must, we nevertheless conclude here that the injurious actions of the deputy trustee were not sufficiently associated with his employment duties so as to fall within the scope of the deputy's employment by the defendant Trustee. The nature of the deputy trustee's duties and authority differs vastly from the employee in Stropes. Other than perhaps a greeting handshake, the employee was not explicitly or impliedly authorized to touch or confine applicants for assistance. His alleged acts of confining, sexually touching, and raping the plaintiff were not an extension of authorized physical contact. Such acts were not incidental to nor sufficiently associated with the deputy trustee's authorized duties. They did not further his employer's business. And they were not motivated to any extent by his employer's interests. The deputy trustee's injurious acts did not fall within the scope of his employment for the defendant Trustee, and thus the Trustee is not vicariously liable under the doctrine of *respondeat superior*.

We affirm the judgment of the trial court granting summary judgment to the defendant, Camille Clark, Trustee of Pleasant Township, Steuben County, Indiana.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.

6