

ATTORNEYS FOR APPELLANT

Karl L. Mulvaney
Margaret M. Christensen
Nana Quay-Smith
Bingham Greenbaum Doll LLP
Indianapolis, Indiana

R.T. Green
Kellie C. Clark
Collin W. Green
Blackburn & Green
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bryce A. Burton, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Martin Benner and <br> Indiana State Police, <br> *Appellees-Respondents* | June 13, 2019 <br><br> Court of Appeals Case No. <br> 19A-CT-135 <br><br> Appeal from the Benton Circuit Court <br><br> The Honorable Hunter J. Reece, Special Judge <br><br> Trial Court Cause No. <br> 04C01-1612-CT-176 |

**Baker, Judge.**

[1] Bryce Burton appeals the trial court's order granting partial summary judgment in favor of Martin Benner, arguing that the trial court erred by finding as a matter of law that Benner was acting within the scope of his employment at the time of a vehicle accident. We agree. Therefore, we reverse and remand for further proceedings.

## Facts

[2] On June 4, 2015, Burton was operating a motorcycle traveling northbound on Meridian Road in Benton County. Benner, who is a trooper with the Indiana State Police, was traveling southbound on Meridian Road when he decided to pass the vehicle traveling in front of him. Benner moved into the northbound lane and observed Burton on the motorcycle traveling toward him. When the distance closed between Benner's vehicle and Burton's motorcycle, Benner abandoned his attempt to pass the vehicle in front of him and moved back into the southbound lane. In the meantime, however, Burton took evasive measures to avoid a head-on collision, resulting in the locking up of the motorcycle's brakes. Burton lost control and left the roadway, sustaining injuries as a result.

[3] Benner was off-duty at the time of the accident. He was driving an unmarked Dodge Charger owned by the Indiana State Police on the way to his son's baseball game. The Indiana State Police authorizes its troopers to engage in de minimis use of police vehicles for personal matters but requires that they maintain radio contact to respond to emergency situations. Benner had worked

earlier in the day, but when his shift was over he had gone home, taken a shower, changed into street clothes, and left home to go to the baseball game.

[4] On December 12, 2016, Burton filed a complaint against Benner, seeking damages for the injuries he sustained as a result of the accident. In Benner's answer, he responded, among other things, that he was immune from liability because he had been operating the vehicle within the scope of his employment. On April 9, 2018, Benner filed a motion for summary judgment, arguing in relevant part that as a matter of law, he was operating the vehicle within the scope of his employment at the time of the accident. Following briefing, on October 22, 2018, the trial court granted partial summary judgment in favor on Benner on this issue.[1] Burton now appeals.

## Discussion and Decision

[5] Our standard of review on summary judgment is well established:

> We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp,* 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the

---

[1] On October 30, 2018, Burton filed a motion to amend his complaint, stating that because summary judgment was granted in Benner's favor on the issue of his employment, Burton intended to substitute the Indiana State Police as the defendant. The trial court ultimately granted the motion, with the result that both Benner and the Indiana State Police are named as defendants.

case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014).

[6]    If it is found that Benner was working within the scope of his employment with the Indiana State Police, he is immune from personal liability for the accident. Ind. Code § 34-13-3-5(b)-(c). As a general matter, usually discussed in the context of the respondeat superior doctrine, "'it is well established that whether an employee's actions were within the scope of employment is a question of fact to be determined by the factfinder.'" *Knighten v. E. Chi. Hous. Auth.*, 45 N.E.3d 788, 794 (Ind. 2015) (quoting *Walgreen Co. v. Hinchy*, 21 N.E.3d 99, 107 (Ind. Ct. App. 2014)).

[7]    In this case, the salient facts are undisputed. Benner is employed by the Indiana State Police. At the time of the accident, he was driving a police vehicle, but the vehicle was unmarked. Benner was wearing street clothes, was not on duty, and was traveling from home to his son's baseball game when the accident occurred. He was authorized to use his police vehicle for personal purposes but was required to (and did) maintain radio contact in case of emergency situations. After Burton's accident, Benner stopped to provide assistance although he, himself, had not been affected by the accident.

[8]    While the facts are without dispute, the inferences that can be made from and conclusions that can be based on those facts are anything but. One reasonable

factfinder could look at these facts and easily conclude that Benner was not acting within the scope of his employment at the time of the accident. Another reasonable factfinder could reach precisely the opposite conclusion. Given our standard of review on summary judgment and our Supreme Court's caution that summary judgment should not be used to "short-circuit[] the trial process" where even a "minimal[]" amount of evidence raises a factual issue to be resolved at trial, *Hughley*, 15 N.E.3d at 1004-05, we can only find that the trial court erred by entering summary judgment in favor of Benner on this issue.

[9] The judgment of the trial court is reversed and remanded for further proceedings.

Najam, J., and Robb, J., concur.